**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Nar B. G.,[1]

     Plaintiff,

v.

Martin J. O'Malley, *Commissioner of Social Security Administration*,

     Defendant.

Civ. No. 23-2076 (JWB/JFD)

**ORDER**
**ACCEPTING REPORT AND**
**RECOMMENDATION OF**
**MAGISTRATE JUDGE**

---

Clifford Michael Farrell, Esq., Manring & Farrell; and Edward C. Olson, Esq., Reitan Law Office, counsel for Plaintiff.

Ana H. Voss, Esq., United States Attorney's Office; James Potter, Esq., and James D. Sides, Esq., Social Security Administration, counsel for Defendant.

---

Plaintiff seeks judicial review of the Commissioner of Social Security's decision to deny his application for supplemental security income. Each party filed their appellate briefs in accordance with the Local Rules. (Doc. Nos. 11, 13.) On July 8, 2024, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") on the matter. (Doc. No. 16.) The R&R recommends denying Plaintiff's request for relief and granting Defendant's request to affirm the Commissioner's decision. Plaintiff timely objected to the R&R. (Doc. No. 18.)

District courts review de novo any aspect of an R&R to which a party timely objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Plaintiff objects that the

---

[1]    This District has adopted the policy of using only the first name and last initial of nongovernmental parties in social security appeals.

Administrative Law Judge ("ALJ") discounted medical opinions from his treating psychiatrist and therapist without adequately considering the supportability and consistency of their findings. Plaintiff contends that the R&R merely reiterates the ALJ's decision without addressing how the required factors were properly considered.

Having reviewed the ALJ's decision, the underlying administrative record, and the R&R, the undersigned agrees with the R&R and affirms the ALJ's decision.

## DISCUSSION

Social Security regulations direct the Commissioner not to give specific deference or evidentiary weight to any medical opinion or finding, including those from the claimant's medical sources. 20 C.F.R. § 404.1520c(a). When determining how much persuasive weight to give a medical opinion or finding, supportability and consistency are the most important factors to consider. *Id.* § 404.1520c(b)(2). In assessing supportability, an opinion is more persuasive if it offers more relevant objective medical evidence and explanatory rationale. *See* 20 C.F.R. § 404.1520(c)(1); *Tracey L. W. v. Kijakazi*, Civ. No. 21-2441 (TNL), 2023 WL 2600217, at *6 (D. Minn. Mar. 22, 2023). As for consistency, an opinion is more persuasive if it is more in line with the overall record. *See* 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2); *Tracey L. W.*, 2023 WL 2600217, at *7.

Dr. Chhabi Lall Sharma—a psychiatrist Plaintiff has seen quarterly since 2020— stated that Plaintiff had been diagnosed with major depressive disorder and generalized anxiety disorder, and that Plaintiff had mostly marked limitations in his ability to sustain mental activities and maintain a productive level of functioning at work or at home. (Doc. No. 8, Tr. 576–77.) Dr. Georgi Kroupin—a therapist Plaintiff saw in April and May 2021

and January 2022—opined that Plaintiff was moderately impaired in his ability maintain

attention and severely impaired in his ability to concentrate and remember. (Tr. 745.)

Both opined that Plaintiff's impairments would cause him to miss work. (Tr. 578, 745,

747.) Both submitted their opinions on Medical Source Statement forms that consisted of

short answers and checkbox responses. (*See* Tr. 576–79, 745–47.)

The ALJ found both opinions unpersuasive because the opinion forms were not

sufficiently detailed and did not identify objective evidence that supported the findings.

(Tr. 45–46.) Based on the ALJ's review of the medical records, the medical evidence

only supported finding that Plaintiff had a moderate cognitive limitation. (*See* Tr. 37–39.)

The examination notes from Plaintiff's visits showed that Plaintiff regularly presented

with normal or, at times, fair levels of cognition, memory, judgment, attention, and

concentration. Accordingly, the ALJ concluded that Dr. Sharma's and Dr. Kroupin's

opinions finding severe and marked limitations were neither supported by nor consistent

with the medical record.

Plaintiff is incorrect that the ALJ's persuasiveness analysis was deficient. The

discussion of the treatment and examination notes in the medical record reflects the

ALJ's consideration of supportability and consistency, even though that discussion

appears in a different section of the ALJ's findings. *See Troy L.M. v. Kijakazi*, Civ. No.

21-199 (TNL), 2022 WL 4540107, at *11–12 (D. Minn. Sept. 28, 2022) (affirming the

ALJ's supportability and consistency analysis even though the medical records were

discussed elsewhere in the decision because the analysis must be read in the context of

the entire decision); *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) (stating that a

treating physician's opinion may be discounted when it is inconsistent with the physician's treatment notes). The persuasiveness analysis does not need to be long. *Newman v. Kijakazi*, No. 5:22-59-KKC, 2023 WL 2700700, at *2 (E.D. Ky. Mar. 29, 2023) (quotations omitted). Because the record reasonably supports the ALJ's findings, the ALJ's decision will not be disturbed—even if substantial evidence would support the opposite outcome. *See Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021).

Plaintiff's additional arguments do not compel a different result. He faults the ALJ and the R&R for not acknowledging the short explanatory statements in his treaters' opinion forms. For instance, Dr. Sharma wrote that Plaintiff "has ongoing pain and difficulty with movement which makes it hard for him to function and it leads to stress, depression and hopelessness." (Tr. 576.) But as the R&R noted, a statement that Plaintiff's physical limitations cause his mental struggles is not a statement that stress, depression, or hopelessness render Plaintiff unable to work.

Dr. Sharma also wrote that Plaintiff "is not even able to perform his daily activities of living so working with his multiple medical problems is inconceivable." (Tr. 578.) To the extent that this statement refers to Plaintiff's physical ailments, the assessment is outside Dr. Sharma's expertise as a psychiatrist. *See Brosnahan v. Barnhart*, 336 F.3d 671, 676 (8th Cir. 2003). To the extent that it refers to Plaintiff's mental conditions, the record does not independently show that Plaintiff's mental conditions cause severe or marked limitations. As both the ALJ and the R&R noted and the medical record confirms, notes from Plaintiff's visits with Dr. Sharma repeatedly indicate normal levels of cognitive functioning despite confirming his mental diagnoses.

As for Dr. Kroupin, he described Plaintiff's disability as "struggling with daily functioning (simple tasks)." (Tr. 745.) He wrote that Plaintiff has a "major memory/concentration problem" and checked boxes to note moderate to severe impairments in attention, concentration, and memory. (*Id.*) Dr. Kroupin also checked boxes describing the impairments as observed, tested, and/or self-reported. (*Id.*). Critically, however, the medical records lack a mental status exam or clinical observation that revealed severe problems with Plaintiff's memory or recall. Instead, the medical notes repeatedly describe Plaintiff's memory as intact, his attitude as being friendly and cooperative, and his thought process as logical and coherent.

As discussed by both the ALJ and the R&R, Dr. Sharma and Dr. Kroupin list Plaintiff's mental conditions and connect them to work limitations without providing supporting evidence for the limitations. Without objective evidence to cite, both doctors' declarations that Plaintiff's depression or stress would require intermittent work breaks or days off were based largely on subjective complaints. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (allowing ALJ to give less weight to treating physician's opinion based on subjective complaints). Both Dr. Sharma and Dr. Kroupin issued opinions that conflicted with the documented medical evidence. It is not error to find that such opinions lack sufficient support.

Plaintiff's criticisms of the R&R's consistency analysis also fall short. He argues that his doctors should have been credited for being consistent with one another. But he fails to recognize that the two state consulting psychologists agreed that work restrictions were *not* warranted. (Tr. 45.) The mere fact that two doctors reach the same conclusion

carries less weight when two other doctors reach the opposite conclusion. This is why, as the R&R stated, Dr. Sharma and Dr. Kroupin agreeing with one another "does not enhance their broader consistency or bolster their persuasiveness." (Doc. No. 16 at 13.) What matters, then, is whether the opinions are consistent with the medical record.

On that front, Plaintiff faults the R&R for failing to offer a "concise explanation" for why all of his symptoms (severe depression, sleep problems, lack of energy, and suicidal ideation) were unpersuasive. But specifically addressing each symptom is not needed when the broader explanation applies across the board. Plaintiff's symptoms did not justify restrictions because the underlying records show he regularly presented as alert, oriented, able to express himself, friendly and cooperative, with few cognitive deficits aside from signs of stress and a depressed mood. As the ALJ and R&R explained, even though some records recorded Plaintiff's conditions and symptoms, they did not lead to a corresponding change in the nature, frequency, or intensity of his otherwise routine mental health treatment. This records assessment serves dual purposes: it shows that opinions of severe or marked limitations are (1) not supported by the records (which show moderate impairment at most) and (2) inconsistent with the medical evidence.

As discussed above, substantial evidence in the record as a whole supports the ALJ's finding that Dr. Sharma and Dr. Kroupin's opinions were not persuasive. The ALJ did not err by crediting instead the state consulting psychologists who found Plaintiff's mental conditions did not significantly limit his ability to work. The ALJ concluded that Plaintiff's mental conditions had no more than a moderate effect on his ability to work, and this conclusion is supported by the record. Because the record supports the ALJ's

6

findings, the ALJ's decision will not be disturbed. *See Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (holding that courts "will disturb the ALJ's decision only if it falls outside the available zone of choice"). For these reasons, Plaintiff's objections are overruled and the R&R is accepted.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Objection (Doc. No. 18) is **OVERRULED**;

2.      The Report and Recommendation (Doc. No. 16) is **ACCEPTED**;

3.      Plaintiff's request for relief (Doc. No. 11) is **DENIED**;

4.      Defendant's request to affirm the Commissioner's decision (Doc. No. 13) is **GRANTED**; and

5.      The Commissioner's decision is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 10, 2024                          *s/ Jerry W. Blackwell*
                                                  JERRY W. BLACKWELL
                                                  United States District Judge